UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AHMED SHARIF, FAWZI SHARIF,
BALQIS SHARIF, MONASSER MOHAMMED,
HANIFA MOHAMMED, SIDDIQ SHARIF,
ARRWA MOGALLI,

                Case No. 10-10223

  Plaintiffs/Counter-Defendants,

                HONORABLE DENISE PAGE HOOD

v.

JASMINE SHARIF and OPEN BOOKS PRESS,

  Defendants/Counter-Plaintiffs.
_____/


## OPINION AND ORDER REGARDING VARIOUS MOTIONS

**I. BACKGROUND**

On January 18, 2010, Plaintiffs Ahmed Sharif, Fawzi Sharif, Hanifa Mohammed, Balqis Sharif, Monasser Mohammed, Sidiq Sharif, and Arrwa Mogalli filed the instant lawsuit against Defendants Jasmine Sharif,[1] Open Books Press, doing business as Pen & Publish, Inc. Plaintiffs allege the following claims: Defamation of Character (Count I); Defamation of Character/ Defamation Per Se (Count II); Invasion of Privacy (Count III); Intentional Infliction of Emotion Distress (Count III)(sic); and, Exemplary Damages (Count IV)(sic).

In their Verified Complaint, Plaintiffs claim Defendant Jasmine Sharif is a published author of "Caged in America: One Woman's Journey through the Veil" ("Book"), published by Defendant Pen & Publish, Inc. Chapter 1 of the Book is available on Defendant Open Books' website and

---

[1] In her Answer, Defendant Jasmine Sharif refers to herself as "Zubaida" Sharif.

wholesalers began selling to the book to the general public. Although the Book purports to have changed the identities of those involved, Plaintiffs claim the book identifies members of the Sharif family through nicknames that are commonly known and used in Plaintiffs' community and otherwise identifies individuals through clearly ascertainable relationships. Defendant Jasmine Sharif is the daughter of Plaintiff Ahmed Sharif. Plaintiffs claim that they placed Defendants on notice on November 21, 2009 that the allegations in the Book are untrue, defamatory, and would do serious harm to the reputation of Plaintiffs. (Comp., ¶¶ 14-19, 21, 27).

Plaintiffs claim that the Book makes false allegations against Plaintiff Ahmed Sharif. The Book states that Ahmed Sharif was an accomplice to the rape of his minor daughter in that he sold his 13 year old daughter to a male over the age of 18 for $20,000. The Book further states that Ahmed Sharif attacked Defendant Jasmine Sharif's mother with a telephone and assaulted her with a shotgun and attempted to murder her. The Book alleges that Ahmed Sharif frequently smoked the illegal narcotic "Khat." (Comp., ¶ 30)

The Book states claims that Defendant Jasmine Sharif's brother, Plaintiff Fawzi Sharif, beat his sister and engaged in systematic practice of domestic violence. The Book further claims that Fawzi Sharif smokes marijuana, was a drug dealer selling cocaine to raise dowry money, and planned to kill his sister if she ever left her husband again. (Comp., ¶ 31)

The Book states that Plaintiff Balqis Sharif frequently smoked Khat and that he aided in the commission of numerous crimes with Ahmed Sharif. (Comp., ¶ 32) The Book claims that Plaintiff Monasser Mohammed broke into Defendant Jasmine Sharif's apartment and sexually assaulted her. (Comp., ¶ 33) The Book alleges that Plaintiff Sidiq Sharif is a violent character and is predisposed to abusing women. (Comp., ¶ 34) The Book states that Plaintiff Arrwa Mogalli is a drug dealer

selling cocaine. (Comp., ¶ 35)

This matter is before the Court on Plaintiffs' Motion to Dismiss Defendants' Counterclaim against Plaintiffs alleging that their Counterclaim under the Indiana Code § 34-7-7-4, et seq. should be dismissed since it fails to state a claim upon which relief may be granted. Response briefs and cross-motions for summary judgment have been filed.

## II. ANALYSIS

### A. Plaintiffs' Motion to Dismiss Defendant Open Books' Counterclaim Against Plaintiffs (No. 16) and Plaintiffs' Motion to Amend Motion to Dismiss Counterclaim by Including Defendant Jasmine Sharif (No. 21).

The Court grants Plaintiffs' Motion to Amend the Motion to Dismiss Counterclaim to include Defendant Jasmine Sharif since the analysis as to both Defendants is the same.

Plaintiffs seek to dismiss the Counterclaim filed by both Defendants Open Books and Jasmine Sharif under the State of Indiana's Strategic Lawsuit Against Public Participation statute, commonly known as the Anti-SLAPP Act, Ind. Code Ann. § 34-7-7-1 *et seq.* The Anti-SLAPP Act is a statute enacted by the Indiana Legislature to protect First Amendment right of Indiana citizens from "unjustified defamation suits." *Containment Tech. Group, Inc. v. American Soc. of Health Sys. Pharmacists,* No. 1:07-cv-0997, 2009 WL 838549 (S.D. Ind. Mar. 26, 2009)(unpublished). Plaintiffs claim that the Anti-SLAPP statute is an affirmative defense, not a cause of action.

In her Answer, Defendant Jasmine Sharif set forth her Affirmative Defenses and Counterclaims under the same heading, including reference to Indiana's Anti-SLAPP statute. Defendant Open Books set forth a Counterclaim alleging a claim under the Indiana Anti-SLAPP

statute.

Defendants Open Books in its response acknowledges that the Anti-SLAPP statute is an affirmative defense and that they incorrectly pled the Anti-SLAPP statute as a counterclaim. (Open Books Resp. at 15) Although Defendant Jasmine Sharif does not specifically acknowledge that she mistakenly alleged an Anti-SLAPP claim as a Counterclaim, she argues that she has set forth a valid Anti-SLAPP defense and states that the Anti-SLAPP statute is a defense.

Rule 12(b)(6) provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. The Supreme Court clarified in *Ashcroft v. Iqbal,* \_\_\_ U.S. \_\_\_, 129 S.Ct. 1937, 1948-50, 173 L.Ed.2d 868 (2009) that:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *[Twombly,* 550 U.S. at 555] (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim

4

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

The Supreme Court in *Iqbal* explained that "bare assertions ... amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." *Iqbal,* 129 S.Ct. at 1951. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Id.* The Supreme Court assigned no weight to the plaintiff's conclusory allegation that the defendants knowingly subjected him to harsh conditions of confinement solely based on his religion, race and national origin and for no legitimate penological interest. *Id.* The *Iqbal* court went on to elaborate that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949.

After *Iqbal* and *Twombly,* for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"--"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Here, Defendant Open Books admits that Indiana's Anti-SLAPP statute does not state a cause of action but is a defense to a defamation claim. Both Defendants Open Books and Jasmine Sharif agree that the Anti-SLAPP statute is an affirmative defense. Plaintiffs' Motion to Dismiss both Counterclaims based on the Anti-SLAPP statute is granted since both Defendants agree that the Anti-SLAPP statute is not a claim but a defense to an action of defamation. It is noted that Plaintiffs did not move to dismiss the affirmative defense under the Anti-SLAPP statute in its Motion to Dismiss, only the Counterclaims.

### B. Defendants Open Books and Jasmine Sharif's Cross-Motions for the Application of Indiana Law and Summary Judgment under Indiana's Anti-SLAPP Statute

Defendants Open Books and Jasmine Sharif move for summary judgment by application of the Indiana Anti-SLAPP statute in this case. In response, Plaintiffs claim that Michigan's choice of law analysis will not allow the application of the Indiana Anti-SLAPP statute to this case.

A federal court sitting in diversity must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 303 U.S. 487, 496 (1941). In Michigan, there is a presumption that Michigan law applies to a case unless there is a rational reason to displace it. *See Sutherland v. Kennington Truck Serv., Ltd.,* 454 Mich. 274 (1997). A two-step analysis is required under *Sutherland*. First, courts must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, courts must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests. *Sutherland,* 454 Mich. at 286.

The claim at issue is the defamation claim raised by Plaintiffs. The elements of a defamation claim under Michigan law are as follows: 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged publication to a third party; 3) fault amounting to at least negligence on the part of the publisher; and, 4) either actionability of the statements irrespective of special harm, or the existence of special harm caused by the publication. *Gonyea v. Motor Parts Federal Credit Union,* 192 Mich. App. 74 (1991); *Rouch v. Enquirer & News of Battle Creek, Michigan,* 440 Mich. 238 (1992).

Neither Defendant cites the law governing a defamation claim in Indiana. Defendants argue that Indiana's Anti-SLAPP statute should be applied as a defense to the defamation claim. The first step in the choice of law analysis is whether Indiana has an interest in having its law–the Anti-SLAPP statute–applied. The Indiana Anti-SLAPP statute was crafted "in furtherance of a person's right of petition or free speech" and requires a statement "in connection with a public issue or an issue of public interest." Ind. Code § 34-7-7-2. To qualify for protection under the statement, the statement must have been made "in good faith and with a reasonable basis in law and fact." Ind. Code § 34-7-7-5(2). Defendants claim that Jasmine Sharif wrote the book in Indiana. The publisher, Pen & Publish, Inc., is a resident of Indiana and published the book in Indiana. Indiana has an interest in protecting its citizens when it enacted the Indiana Anti-SLAPP statute.

The next step then is to determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests. *Sutherland,* 454 Mich. at 286. Defendants argue that the Indiana Anti-SLAPP statute should be applied as a defense. Plaintiffs have not cited any case law that prohibits this Court from applying the Indiana Anti-SLAPP defense in a Michigan defamation case. In *Global Relief v. New York Times Co.,* the district court found that Illinois law of defamation

should be applied in a case but that a California Anti-SLAPP defense to defamation should be considered. *Global RELIEF v. New York Times Co.,* 2002 WL 31045394 (N.D. Ill. Sept. 11, 2002). Given that at this juncture, Plaintiffs have not shown that this Court cannot apply the Indiana Anti-SLAPP defense, the Court will allow Defendants to proceed with this defense at this juncture pending discovery.

The Anti-SLAPP statute allows for a special motion, considered as a motion for summary judgment to determine if the Anti-SLAPP defense applies. Courts considering an Anti-SLAPP procedure have held that the Anti-SLAPP statute is not preempted by the Federal Rules of Civil Procedure and is applicable in federal cases. *Id.* at *12. To the extent Defendants are seeking summary judgment on this issue, the Court denies the motion without prejudice since, as admitted by Defendants, no discovery has yet been taken in this case at the time the motions were filed. Defendants request a scheduling order to proceed with discovery under the Anti-SLAPP statute. Defendants' Motions for Summary Judgment on whether the Anti-SLAPP statute is applicable is denied without prejudice pending discovery.

### III. CONCLUSION

For the reasons set forth above and on the record,

IT IS ORDERED that Plaintiffs' Motion to Dismiss Defendant Open Book's Counterclaim **(Doc. No. 16, filed March 18, 2010)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend Motion to Dismiss Defendant Open Book's Counterclaim to Include Defendant Sharif's Counterclaim **(Doc. No. 21, filed April 6, 2010)** is GRANTED.

IT IS FURTHER ORDERED that Defendants' Counterclaims (found in Docs. Nos. 20 and 21) are DISMISSED.

IT IS FURTHER ORDERED that Defendant Open Books Press Cross-Motion for Summary Judgment to Apply Indiana Law **(Doc. No. 26, filed April 16, 2010)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant Jasmine Sharif's Cross-Motion for Summary Judgment **(Doc. No. 27, filed April 16, 2010)** is DENIED without prejudice.

        s/ DENISE PAGE HOOD
        DENISE PAGE HOOD
        United States District Judge

DATED: August 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2010, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager