**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**AHMED SHARIF, FAWZI SHARIF,**
**BALQIS SHARIF, MONASSER MOHAMMED,**
**HANIFA MOHAMMED, SIDDIQ SHARIF,**
**ARRWA MOGALLI,**

      Plaintiffs/Counter-Defendants,

Case No. 10-10223

**HONORABLE DENISE PAGE HOOD**

v.

**JASMINE SHARIF and OPEN BOOKS PRESS,**

      Defendants/Counter-Plaintiffs.
_____/

## OPINION AND ORDER REGARDING ORDER TO SHOW CAUSE

The instant action was filed on January 18, 2010. On August 24, 2010, the Court entered an Order granting Plaintiffs' Motion to Dismiss Defendants' Counterclaim and denying without prejudice Defendants' Motion for Summary Judgment. The Court also entered an Order granting Plaintiffs' counsel's Motion to Withdraw as Attorney on behalf of Plaintiffs. In the August 24, 2010 Order the Court directed the individual Plaintiffs to obtain new counsel and to appear at a Status Conference on September 13, 2010. The Order indicated that failure to appear by Plaintiffs at the conference may result in the dismissal of the case. Plaintiffs' former counsel submitted a copy of a letter sent to the individual Plaintiffs indicating they should appear on September 13, 2010. The Court rescheduled the Status Conference for September 21, 2010. Plaintiffs did not appear at the September 21, 2010 Status Conference.

The Court thereafter issued the instant Order to Show Cause why Plaintiffs' Complaint should not be dismissed for failure to prosecute. The Court's Order indicates that the Order to Show

Cause was sent to the individual Plaintiffs at an address provided by former Plaintiffs' counsel. Plaintiffs have not submitted any response to the Order to Show Cause. No appearance by counsel has been filed on behalf of the individual Plaintiffs. Plaintiffs did not appear at the Show Cause Hearing. For the reasons set forth on the record and below, the Court dismisses the case without prejudice.

The Local Rule for the Eastern District of Michigan, LR 41.2, provides the court with authority to dismiss the case on its motion after reasonable notice to a party for failure to prosecute. E.D. Mich. LR 41.2. Rule 41(b) of the Rules of Civil Procedure provides that a defendant may move for dismissal of an action against any claim against the defendant for failure to prosecute. Fed.R.Civ.P. 41(b) states:

> **(b)     Involuntary Dismissal: Effect Thereof.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). In addition to Rule 41(b), the trial court has the inherent power to control its docket in a number of ways, including the power to order dismissals of civil cases for lack of prosecution or where the prosecuting party does not diligently move the case to conclusion by obeying the court's pretrial orders to appear when required to do so. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(the court has the inherent power to *sua sponte* dismiss a case for a party's inaction or dilatoriness of the party seeking relief). The Sixth Circuit has noted that, in the absence of notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in "bad faith or contumacious conduct." *Harris v. Callwood*,

844 F.2d 1254, 1256 (6th Cir. 1988). Rule 41(b) allows a dismissal under this rule as an adjudication of the merits. The Sixth Circuit has recognized that a dismissal under Rule 41(b) may be with prejudice if the party receives notice and the trial court finds bad faith. *Knoll v. AT&T Co.*, 176 F.3d 359, 363-64 (6th Cir. 1999). Notwithstanding *Link*, the Sixth Circuit, "like many others, has been extremely reluctant to uphold the dismissal of a case ... merely to discipline an errant attorney because such a sanction deprives the client of his day in court." *Harmon v. CSX Transportation, Inc.,* 110 F.3d 364, 367 (6th Cir. 1997)(quoting *Buck v. U.S. Dep't of Agric., Farmers Home Admin.,* 960 F.2d 603, 608 (6th Cir. 1992)).

The Court allowed the individual Plaintiffs to obtain new counsel and also ordered Plaintiffs to appear at a conference. Plaintiffs failed to appear at a scheduled conference or otherwise notify the Court as to whether they intended to further proceed with their case against Defendants. Notice was given to Plaintiffs of the Order to Show Cause at an address provided by Plaintiffs' former counsel. Plaintiffs failed to appear at the Show Cause hearing. At the hearing, counsel for Defendant Jasmine Sharif argued that the case should be dismissed with prejudice.

It is noted that on October 22, 2010, Defendant Pen & Publish, through counsel, faxed a letter indicating to the Court counsel could not appear at Plaintiffs' Show Cause hearing but is in agreement with any comments to be made by co-Defendant's counsel at the hearing. Counsel for Defendant Pen & Publish goes on to argue in the letter as to why the Court should enter an order dismissing the case with prejudice. The Court will not consider the arguments set forth in the October 22, 2010 letter since it is not a proper brief filed with the Court. Also, there is no indication that the letter was served on Plaintiffs; only co-defense counsel was copied with the letter. The letter is an *ex parte* communication with the Court.

Plaintiffs have failed to appear at the Show Cause hearing or otherwise show cause why their case should not be dismissed for failure to prosecute. The Court dismisses this case without prejudice since there has been no showing of bad faith on behalf of Plaintiffs, other than failure to appear at a conference and the Show Cause hearing. For the reasons set forth on the record and above, the Court dismisses the case without prejudice.

Accordingly,

IT IS ORDERED that the Complaint is DISMISSED without prejudice for lack of prosecution.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 29, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager